Percy L. Wilburn, Chief of Police P.O. Box 725 Lake Village, AR 71653
Dear Chief Wilburn:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
It is my understanding that a request has been presented to the City of Lake Village for certain records contained in a particular employee's personnel file. More specifically, the request asks for "all information pertaining to" complaints "filed and "not filed" about the employee in question. It also asks for "any complaints the mayor and/or Chief have that have not been put in [the employee's] folder about sexual harassment charges."
You have provided me with a copy of the records that are responsive to the request. They consist of the following:
 • A hand-written memo from Capt. Kelley to Sgt. Bailey and Chief Wilburn, marked "Received" 9-27-97
 • Four "Voluntary Statement" forms of the Lake Village Police Department, dated respectively: 9-27-97(11:25P), 9-27-97(10:52P), 9-27-97(1:14A), and 4-10-97(8:54 p.m.).
• A typed transcript of an interview, dated 9-27, 8:38 p.m.
 • A document entitled "Investigation", dated 9-27-97, typed on Lake Village Police Department letterhead, and appearing to state the results of an investigation
• An unidentified handwritten note
• A Lake Village Police Department Warning
 • A Lake Village Police Department Offense/Incident Report dated 4-10-97
 • Two handwritten statements describing an incident that occurred on 4-10-97. These statements appear to be the back-up documents to the Offense/Incident Report
 • A document entitled "Investigation", dated 4-14-97, typed on Lake Village Police Department letterhead, and appearing to state the results of an investigation
You state that you have determined that the "complaints" that have been requested are exempt from disclosure under the exemption that is available for employee evaluation/job performance records. However, you have not indicated which of the requested records you deem to be "complaints."
I am directed by law to issue an opinion as to whether your determination, as the custodian of the records, regarding the release of the requested records is consistent with the FOIA. A.C.A. §25-19-105(c)(3)(B). Because I have not been provided with certain information that would be necessary for a thorough evaluation of your determination, I cannot respond definitively. Nevertheless, I will discuss the principles of law that govern the disclosability of each of the types of records listed above.
RESPONSE
The hand-written memo appears to have been created in response to a verbal complaint that was made against an employee, and appears to document both the substance of the complaint and certain investigative action that was taken in response to the complaint. Similarly, the four "Voluntary Statement" forms, the typed transcript of the interview, and the two documents entitled "Investigation" appear to have been created at the instance of the Department in response to complaints, and document the substance of those complaints. It is my opinion that these records constitute employee evaluation/job performance records of the employee about whom the complaints were made. I have previously taken the position that records that were generated as part of an investigation of allegations of the misconduct of an employee, and that detail incidents that gave rise to an allegation of misconduct, should be deemed the "employee evaluation/job performance records" of that employee. See Ops. Att'y Gen. Nos. 2000-203; 2000-130; 1999-361; 1999-359.
"Employee evaluation/job performance records" are exempt from disclosure to the public unless the following three conditions have been met: (1) There has been a final administrative resolution of any suspension or termination proceeding; (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) There is a compelling public interest in the disclosure of the records in question. A.C.A. § 25-19-105(c)(1). You have implied that the employee in question has not been suspended or terminated. If this is the case, these records should not be released.
I note that these records could also constitute the "personnel records" of other employees who are mentioned therein. As such, they must be made available to those employees. A.C.A. § 15-19-105(c)(2).
The Police Department "Warning" should be released. It is not subject to any exemption from disclosure. The Police Department "Offense/Incident Report" appears to have been created by the Department in response to a complaint about an employee. It also documents some of the substance of the complaint. It is therefore my opinion, for the reasons stated previously concerning records of this nature, that it should be deemed an "employee evaluation/job performance record," and should not be released if the employee in question has not been suspended or terminated.
It is not clear whether the two handwritten statements describing the event that occurred on 4-10-97 (apparently supporting the Offense/Incident Report) were created at the instance of the Department for the purpose of investigating a complaint, or whether they were created voluntarily by the persons who wrote them. This distinction is significant, because it will determine whether these two records are "personnel records" or "employee evaluation/job performance records." If these records were created at the instance of the Department for the purpose of investigating a complaint, they should be deemed "employee evaluation/job performance records." However, if they were not solicited by the Department, they should be deemed "personnel records." This office has specifically found that unsolicited complaints about employees constitute those employees' personnel records. See Ops. Att'y Gen. Nos.2000-203; 2000-058.
If this is the case, the releasability of these records must be analyzed under the standard that is applicable to "personnel records," rather than the standard that is applicable to "employee evaluation/job performance records." Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of the personal privacy" of the subject of the records. A.C.A. §25-19-105(b)(10). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
The question of whether the release of any particular records would constitute a "clearly unwarranted invasion of personal privacy," under this balancing test, is a question of fact that must ultimately be made by you as the custodian of the records, based upon all of the circumstances surrounding the situation. See Ops. Att'y Gen. Nos.98-001; 94-119. Because I am not familiar with those circumstances, I cannot opine as to this issue. I note, however, that I have previously taken the position that the public's interest in records relevant to the misconduct of a high ranking public official and of other public employees will generally outweigh those individuals' privacy interest in those records. It has been noted by a commentator on the Freedom of Information Act that "the `public interest' will ordinarily be great when there is a need for oversight to prevent wrongdoing or when the requested records would inform the public about agency misbehavior or other violations of the public trust." Watkins, The Freedom of InformationAct, 3rd ed., at 139. Accord, Op. Att'y Gen. No. 98-001.
If the two handwritten statements were created voluntarily and can thus be deemed "personnel records," their releasability must be analyzed under the foregoing principles.
The unidentified handwritten note should be released. It does not appear to fall within any exemption from disclosure.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh